IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:99-659-CMC |
| v. | **OPINION AND ORDER** |
| Sean Robert Addison, | |
| Defendant. | |

Defendant filed a *pro se* motion in this court pursuant to 28 U.S.C. § 2255. ECF No. 607. The Federal Public Defender thereafter filed a supplemental motion, challenging Defendant's conviction for a violation of 18 U.S.C. § 924(c). ECF No. 620. The Government filed a response in opposition and a motion for summary judgment. ECF Nos. 626, 627. Defendant, though counsel, filed a response in opposition to the Government's motion. ECF No. 629.

**I.  Background**

On July 14, 1999, Defendant was charged with four counts: Count 1, conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(b)(3); Count 2, conspiracy to use, carry and brandish firearms during and in relation to, and possess firearms in furtherance of crimes of violence, specifically Hobbs Act Robbery, in violation of 18 U.S.C. §§ 924 (o); Count 14, Hobbs Act Robbery committed April 29, 1999, in violation of § 1951; and Count 15, on April 29, 1999, knowingly using, carrying, brandishing, and discharging a firearm during and in relation to a Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c). ECF No. 1.

Defendant was convicted of all four counts after a trial by jury. ECF No. 221.

On March 28, 2000, Defendant appeared for sentencing. The court (Shedd, J.) sentenced Defendant to a total term of 241 months, consisting of 121 months on counts 1, 2, and 14, to run concurrently, and 120 months consecutive as to count 15. ECF No. 282. He was also sentenced to a total term of five years of supervised release, consisting of 3 years on counts 1, 2, and 14, and 5 years on count 15. *Id.* The Fourth Circuit affirmed on May 18, 2001.

## II. 18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).[1]

A "drug trafficking crime" for purposes of § 924(c) means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). The statute defines a "crime of violence" as:

> an offense that is a felony and –
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

18 U.S.C. § 924(c)(3).

---

[1] If the firearm is brandished, the defendant shall be sentenced to a consecutive term of imprisonment of not less than 7 years, and if discharged, not less than 10 years. *Id.* at (ii)-(iii).

[2] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

### III. Discussion

Defendant argues his substantive Hobbs Act Robbery conviction (Count 14) cannot serve as a predicate for his § 924(c) conviction (Count 15), as it is not a "crime of violence" as defined in § 924(c)(3).[3] ECF Nos. 607, 620. The Government has moved for summary judgment, arguing Defendant's claim is untimely, procedurally defaulted, and fails on the merits as Hobbs Act Robbery is categorically a crime of violence under the force clause. ECF No. 626. Defendant responded, arguing his motion was timely as it was filed within a year after *Johnson*, procedural default should be excused, and Hobbs Act Robbery is not a crime of violence. ECF No. 629.[4]

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

---

[3] Defendant does not challenge his conviction on Count 2, under § 924(o), for conspiracy to violate § 924(c), for which he received a sentence concurrent with the 121 month sentence on Counts 1 and 14.

[4] In the time between the briefing in this case and the present, Defendant has been released from the Bureau of Prisons. However, a finding that his Hobbs Act Robbery conviction cannot support a conviction for § 924(c) could reduce his term of supervised release. Therefore, Defendant's § 2255 motion is not moot.

3

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[5], all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).[6]

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A). Therefore, Count 15, Defendant's substantive § 924(c) count, properly rests upon Count 14, his substantive Hobbs Act Robbery conviction.

---

[5] The Fourth Circuit has held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c) force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury.").

[6] The Supreme Court recently decided Florida robbery, requiring use of force sufficient to overcome a victim's resistance, even if that force is "slight," categorically qualifies as a predicate offense under § 924(e), as overcoming resistance is inherently "violent." *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544, 553 (2019).

Defendant also argues his Hobbs Act Robbery fails to qualify under § 924(c)(3)(B) because "there is not a substantial risk that physical force against the person or property of another may be used in the offense," and because "the residual clause is unconstitutionally vague." ECF No. 620 at 7-8. Cases presenting this issue were held pending *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018), and then *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). The Fourth Circuit in *Simms*, in an 8-7 *en banc* opinion, found the residual clause in § 924(c)(3)(B) void for vagueness. However, because the Supreme Court agreed to consider that issue in *United States v. Davis*, No. 18-431, the Fourth Circuit has stayed the mandate in *Simms* pending *Davis*.

Should the Supreme Court agree with the Fourth Circuit in *Davis*, Defendant's challenge based on § 924(c)(3)(B) would succeed. However, because the challenge based on § 924(c)(3)(A) fails, his § 924(c) conviction in Count 15 stands.

## IV. Conclusion

Defendant's challenge to his conviction under § 924(c) (Count 15) fails because it is predicated on substantive Hobbs Act Robbery, a crime of violence under the force clause of § 924(c)(3)(A).[7] The Government's motion for summary judgment is granted and Defendant's § 2255 motion is hereby **dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[7] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely and/or because it was procedurally defaulted. However, the court need not reach these arguments, as it has determined that Defendant's conviction for Count 15, a violation of § 924(c), stands.

5

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 26, 2019